# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| WADE HEIDEN, | |
| Plaintiff, | No. C13-3017-MWB |
| vs. | |
| UNKNOWN DEPUTY CLERK, HAMILTON COUNTY CLERKS OFFICE, HAMILTON COUNTY IOWA, | **INITIAL REVIEW ORDER** |
| Defendants. | |

---

This matter is before the court on the plaintiff's application to proceed in forma pauperis (docket no. 1). The plaintiff filed such application on April 1, 2013. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint under 42 U.S.C. § 1983 and several exhibits.

## *I. IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915*

Based on the plaintiff's application to proceed in forma pauperis, the court concludes that the plaintiff does not have sufficient funds to pay the required filing fee. 28 U.S.C. § 1914(a) (requiring $350.00 filing fee). Thus, in forma pauperis status shall be granted to the plaintiff. *See generally* 28 U.S.C. § 1915. The clerk's office shall file the complaint without the prepayment of the filing fee. Although the court deemed it appropriate to grant the plaintiff in forma pauperis status, the plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a

claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Here, the plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on his six month average balance of $33.81, the court finds that the initial partial filing fee is $6.76. *Id*. The plaintiff shall submit $6.76 by no later than July 31, 2013. *Id*. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, the plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court. Specifically,

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after the plaintiff pays in full the initial partial filing fee, the remaining installments shall be collected by the institution having custody of the plaintiff. *Id*. The clerk's office shall send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

## II. STANDARD OF REVIEW

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994). In addition, unless the facts alleged

are clearly baseless, they must be weighed in favor of the plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A court, however, can dismiss at any time a complaint filed in forma pauperis if the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1). A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, a court may review the complaint and dismiss sua sponte those claims that fail "'to raise a right to relief above the speculative level. . . .'", *see Parkhurst v. Tabor*, 569 F.3d 861, 865 (8th Cir. 2009) (quoting *Bell Atl.*, 550 U.S. at 555), or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325. *See, e.g., Denton v. Hernandez*, 504 U.S. at 27 (considering frivolousness); *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (concluding that a district court may dismiss an action if an affirmative defense exists).

### III. CLAIM ASSERTED

Currently confined at the United States Penitentiary in Leavenworth, Kansas, the plaintiff, proceeding pro se, submitted a complaint to redress issues that are related to a state court case. Jurisdiction appears to be predicated on 28 U.S.C. § 1343. Under 28 U.S.C. § 1391(b), venue appears to be proper as the defendants are located in this district and the events giving rise to the instant action occurred in this district.

In statement of claim portion of the complaint is as follows:

> On November 5, 2010, the deputy clerk did in fact forge a judge's signature on the plaintiff's trial information, and filed it as a legal and official document, a charging instrument, trial information number in FECR013429, filed on November 5, 2010. The plaintiff has the master copy with (red) ink and the pen ink is (blue) and it has finger prints on it also. This trial

3

> information would be considered a second information of the same charges by two different pursuers. All the information and evidence used on the forged trial information was later used in federal court to sentence the plaintiff to prison for ten years. The deputy clerk that forged this judge's signature was in her official capacity as a county deputy clerk of court and went beyond her duty to forge the document and to injury the plaintiff. The deputy clerk had no right to alter or forge any document. Also, the deputy clerk cannot say that she was told to sign or had permission to sign because the judge was not present. This is unethical and another document was signed by the judge on the same date within 60 seconds of each other, meaning the deputy clerk and the judge were within the same building when both documents were signed. The deputy clerk did not sign the judges name (by her) but merely forged his name and left it as that. This document, which was used to hold the plaintiff in custody, never became valid or official on its face or within its four corners. The plaintiff is suing from the date of the file stamp to the date of his release because it was all caused by the deputy clerk's forged trial information. Her actions have kept the plaintiff locked up and sentenced for ten years.

As relief, the plaintiff states that he wants the sum of $20,000,000.00 for damages that he suffered as a result of the deputy clerk's actions. He also asks for court costs and attorney fees. Finally, he asks for a retroactive review to be undertaken, for the trial information to be suppressed and for the federal charges to be dismissed.

## IV. ANALYSIS

### A. Claims Under 42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured

4

> in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (42 U.S.C. § 1983 "merely provides a method for vindicating federal rights elsewhere conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claim

Given the facts that are alleged in the complaint, the court concludes that the plaintiff's assertions do not give rise to a viable claim under 42 U.S.C. § 1983. The applicable statute of limitations is the period governing personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985); *see also City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 123 n.5 (2005) (reaffirming that the statute of limitations for a 42 U.S.C. § 1983 claim is generally the applicable state-law period for personal-injury torts); *Wycoff v. Menke*, 773 F.2d 983, 984-87 (8th Cir. 1985) (finding it appropriate to apply Iowa's

personal injury statute of limitations to actions brought under 42 U.S.C. § 1983). In Iowa, the statute of limitations for personal injury actions is two years after accrual. Iowa Code § 614.1(2). While Iowa's statute of limitations for personal injury tort claims determines the length of the statute of limitations for a § 1983 action, "federal rules conforming in general to common-law tort principles" govern when the cause of action accrues and the statute of limitations begins to run. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A cause of action accrues "when the plaintiff has 'a complete and present cause of action,' . . . that is, when 'the plaintiff can file suit and obtain relief.'" *Id.* (quoting *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). In *Wallace*, the Supreme Court found:

> "Under the traditional rule of accrual . . . the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnote omitted); *see also* 54 C.J.S., Limitations of Actions § 112, p. 150 (2005).

*Id.* at 391 (alteration in original). So, under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the harm. *See Hall v. Elrod*, 399 F. App'x 136, 137 (8th Cir. 2010) (citing *Eidson v. State of Tenn. Dept. of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007), for the proposition that a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action); *cf. Richmond v. Clinton County*, 338 F.3d 844, 847 (8th Cir. 2003) (discussing accrual rule under state law). The plaintiff did not file the instant complaint in a timely manner. The plaintiff alleges that he sustained an injury on November 5, 2010, but he waited until April 1, 2013 to file his civil rights action. Accordingly, the applicable statute of limitation bars the plaintiff's claim. *See White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (applying Iowa's two-year statute of limitation); *Myers*, 960 F.2d at 751 (concluding that a district

6

Case 3:13-cv-03017-MWB   Document 4   Filed 07/11/13   Page 6 of 10

court may dismiss an action if an affirmative defense exists, that is, the applicable statute of limitation has run).

Alternatively, the plaintiff's allegations fail as a matter of law. An exhibit that the plaintiff attached to his complaint indicates that he already challenged the validity of the trial information that was filed in the Iowa District Court for Hamilton County and that he received an unfavorable decision on February 22, 2013. Specifically, it was decided that: (1) the trial information was properly signed by District Court Judge Kurt J. Wilke on November 5, 2010 and was properly filed in the Iowa District Court for Hamilton County on that same date; (2) the plaintiff waived any objection to the form or validity of the trial information when he executed under oath a written arraignment and plea of not guilty on December 8, 2010; and (3) the plaintiff is not being unlawfully held under any order of the Iowa District Court for Hamilton County because it granted the county attorney's motion to dismiss on January 14, 2011. On this record, there is absolutely no basis to conclude that the plaintiff suffered any injury as a result of the deputy clerk's actions. Nothing she did impacted the commencement or resolution of the plaintiff's criminal case in the Iowa District Court for Hamilton County. Moreover, assuming that District Court Judge Kurt J. Wilke did not sign the information, the deputy clerk is entitled to immunity because it is evident that she merely signed on behalf of the judge or at his direction. *See Maness v. Dist. Court*, 495 F.3d 943, 944-45 (8th Cir. 2007).

Further, the plaintiff is unable to indirectly challenge the validity of his federal conviction and sentence in this action under 42 U.S.C. § 1983. The plaintiff complains about events that correspond to *United States v. Heiden*, Case # 3:09-cr-03040-LRR (N.D. Iowa 2012), and the plaintiff states that he would like the court to award him damages. The relief sought is not available because a cause of action for damages does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

7

And, an action under 42 U.S.C. § 1983 is not the proper basis to collaterally attack his federal conviction and sentence; an action under 28 U.S.C. § 2255 is the only means to vacate, set aside or correct a federal sentence.

In light of the foregoing, the plaintiff's complaint shall be dismissed as frivolous or for failing to state a claim upon which relief can be granted. Because the court deems it appropriate to dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the dismissal of this action shall count against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**IT IS THEREFORE ORDERED**:

(1) The plaintiff's application to proceed in forma pauperis status (docket no. 1) is granted.

(2) The clerk's office is directed to file the complaint without the prepayment of the filing fee.

(3) The plaintiff is directed to submit an initial partial filing fee of $6.76 by no later than July 31, 2013. If necessary, the plaintiff may request in a written motion an extension of time to pay the initial partial filing fee.

(4) After the plaintiff pays the initial partial filing fee, the institution having custody of the plaintiff is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, the plaintiff is obligated to pay and the institution having custody of him is obligated to forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

(5) The clerk's office is directed to send a copy of this order and the notice of collection of filing fee to the appropriate official at the place where the plaintiff is an inmate.

(6) The plaintiff's 42 U.S.C. § 1983 action is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

(7) The dismissal of the instant action counts against the plaintiff for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

**DATED** this 11th day of July, 2013.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

TO: WARDEN/ADMINISTRATOR
United States Penitentiary, Leavenworth, Kansas

## NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Wade Heiden, #11661-029, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Heiden v. Unknown Deputy Clerk, et al.*, Case No. C13-3017-MWB. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $350.00 filing fee. Based on the inmate's account information, the court has assessed an initial partial filing fee of $6.76, which the inmate must pay now to the clerk of court. 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the clerk of court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account.

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ djs, Deputy Clerk
Robert L. Phelps
U.S. District Court Clerk
Northern District of Iowa